Judge Owsley
delivered the opinion.
This is an appeal from a decree of the circuit Court, dismissing Oldham’s biil with costs. The object of the bill was, to obtain the specific execution of, a contract made by M’Fariin for fbe purchase of a tract of land from John Faris, and, to convey which. Fans gave lus obligation te M’Fariin the 4th of March, 1815; and whim* was after* wards, on the 28th of May, 1817, assigned by M’Fariin toOIdham.
The bill, after setting forth the purchase made by M’-Fariin, the execution of the bond for a title by Faris. and the assignment by M’Farlio, alleges the paymefit of the purchase money by M’Fariin, and the payment of a' full and valuable consideration by Oldham tor the assignment; and after making Faris and M’Farliu defendants, asks for a decree compelling Faris to convey the land to Oldham.
Faris answers, admitting the sale of the land by him to M’Fariin, and the receipt of the sale money; but alleges, that, after he gave the bond for a title, and before M’Fariin assigned it to Oldham, an agreement was made between him and M’Fariin, whereby the original contract was can-celled, and for a valuable consideration then paid to M’Far-iin, the bond was to be delivered up, and to bé of 00 further validity. He also charges, that by some unfair tilbans Oldham has obtained the assignment; and he insists that he ought not to be compelled to convey the land, &c.
M’Farliu also states, that Faris repurchased the land from him before he made the assignment to Oldháii»; and alleges that 0!dh3m caused án execution io be levied on the bond, and through his improper management procured the assignment. He admits that Faris has paid the arhdbnt agreed to be given for the land on his repurchase, &c.
From the imperfect preparation of the cause, we háve had some difficulty in distinctly understanding the true state of the facts attempted to be established by each party⅝ We infer from the evidence enough, however, to convince *s that the decree of the court below cannot be sustained. Faris admits the original purchase by M’Fariin to be of a character that ought to have been specifically complied with, if it were not for other circumstances which have since intervened, and which he contends excuses him item a *406 fulfillment of his obligation to M’Furlio. W> have, hoiv* ever, been unable to perceive the circumstance which ought to have that effect. The agreement relied on bv Faris as ea agreement of canreimet.d, is certainly no! emitted to that character. For, instead of an agreement to cancel the contract of sate by Faris to M’Fariin, if appears to have been at! agreement made in February, 1817, fo1- Far-ris to have the lane!, if he should pay for M’Fariin one hundred dollars, and M’Fariin shoutd not refund the money against the first of July thereafter; but there is no evidence in the cause, conducing to shew, that Faris ever paid, prior to the first of July, asv thing for M’Fariin; and although be became M’Fariin’» security in a replevin bond for thirty odd dollars before that time, and afterwards paid the money, it is pretty evident, from the evidence, that he neither became security or paid the money on the faith of the contract which he made with M’Fariin to have tbe land. Such a contract, in its nature executory, and never complied with, can afford no excuse to Faris for not complying with his obligation to convey to M’Farlin.
Unless, therefore, Oldham has been guilty of such misconduct in procuring the assignment as will forbid relief, Faris ought to be compelled to make him a title. And here it should be remarked, that the bill of Oldham is not brought for the purpose of obtaining the specific execution ef an executory agreement to assign Farris’obligation, but be exhibits bis bill to obtain the specific execution of Far-is' covenant to convey, and relies upon the assignment of M’Fsrlin as having in fact and law transferred to him this right to a conveyance, it is not, therefore, any circumstance, which might be sufficient to prevent the chancellor from decreeing the specific execution of a contract to assignor, that can be successfully opposed to Oldham’s right to relief against Faris: but the circumstances must be of a character which would authorise the court, at the instance of M’Farlin, to annuli the assignment. For, as by the assignment tile legal right to demand a title became vested in Oldham, so long as tbe assignment remains io full force, M’Farlin could not obtain the specific execution of Faris’ covenant to convey; and if any circumstance, which would not be sufficient to cancci the assignment, might be successfully opposed ta Oldham’s demand for relief, the consequence might be, that neither Oldham nor M’Farlin could obtain an enforcement of Faris’ obligation.
Bibb for plaintiff.
And with respect to the assignment of M’Farlin to Old-bam, we are not of opinion that Üie circumstances under which it was obtained, could warrant the court insetting it aside on the score of fraud. The only circumstance militating in the slightest degree against the fairness of that assignment, is the fact of Oldhatp’s having caused the bond on Faris to be taken, by an execution in favor of himself, when, in point of law, it was not properly the subject of execution; but the bond was not sold under the execution, but was sold by M’Ferlin to'tldham, and regularly assigned by him; and there is no evidence in the cause conducing to shew, that the price given by Oldham was not adequate to the full value of the land, or that Oldham had in view any fraudulent purpose in causing the bond to be taken in execution.
, Hence, we infer. Oldham has shewn a sufficient right to a conveyance from Faris, and that the court ought to have made its decree accordingly.
The decree must consequently be reversed with costs, and the cause remanded to the court below, and a decree there entered in conformity 'to the principles of this opinion